Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CARMELLA LIBERTI, Respondent, for Compensation to Herself under the Workmen's Compensation Law, for the Death of Her Husband, ROSARIO LIBERTI, v. THE STATEN ISLAND RAILWAY COMPANY, Employer and Self-Insurer, Appellant.

Third Department, November 14, 1917.

**Workmen's Compensation Law — when common laborer running hand car upon spur track not engaged in interstate commerce.**

A common laborer of a railroad company, which was engaged in repairing a spur track for the private owner thereof, which was not a common carrier or engaged in interstate commerce, who while running a hand car upon said track fell and received injuries resulting in death, was not engaged in interstate commerce so as to render the Federal Employers' Liability Act applicable, although the railroad company from time to time transferred cars and interstate freight over the spur track to the owner thereof.

WOODWARD and COCHRANE, JJ., dissented.

APPEAL by the defendant, The Staten Island Railway Company, from a decision and award of said Commission bearing date the 29th of March, 1916.

*Cravath & Henderson* [*Lyle H. Hall* of counsel, *Robert H. Neilson* with him on the brief], for the appellant.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge* counsel to the Commission, for the respondents.

KELLOGG, P. J.:

The only question presented on this appeal is whether or not the employee, at the time of the accident, was engaged in interstate commerce. He was a common laborer, and he and a number of other laborers were running a handcar upon the spur track which runs from at or near the defendant's station into the grounds of the Mission of the Immaculate Virgin, a short distance from the appellant's line. He fell from the

car, receiving injuries from which he died. The track was owned by the mission and maintained by the railroad company at the expense of and for the mission, and was its private track for the carrying of its supplies. The defendant is a domestic railroad corporation, and its tracks are entirely within the State, but cars come to it from without the State and are sent by it outside the State, and cars about once a week come over its line to its station at Pleasant Plains and are frequently taken by a switch engine from the station to the mission. About once a week coal or other articles from without the State are so carried to the mission, and daily cars and intrastate freight go to the mission.

There are many cases in the books bearing upon the question whether an employee in a local freight yard, or upon railroad tracks, whose work is exclusively in the State, may be considered as engaged in interstate commerce because interstate trains pass through the yard or over the tracks. The cases are not in harmony; the later cases show an inclination not to extend farther the theory that a person working upon a railroad track over which interstate trains pass may be considered as engaged in interstate commerce. It is unnecessary to cite and distinguish the various cases. Each case, as it arises, must stand upon its peculiar facts, and it is seldom that one case is an exact precedent for another, or that a general rule can be laid down as to strict limits between the Federal and State jurisdiction in such cases. Those cases, however, do not apply here, as the matter is entirely outside the realm of interstate commerce. The mission was not a common carrier or engaged in interstate commerce. Upon its own lands, for its own purpose, it was repairing a track owned by it, the work being done by the railroad company under agreement as a special contractor. The fact that the railroad company, instead of some other contractor, was doing the work, does not change the character of the work. The receipt of freight at the mission, or carrying it to the station, was evidently a matter of private arrangement between the mission and the company. The company was handling the freight between the mission and its station, as domestic freight, under a private arrangement. The remote origin of incoming freight, or the destination of outgoing freight, is

immaterial. The mission's track was solely for its use and for the carrying of freight from the station to the mission, as a convenience to the company and the mission. The property of the mission, its spur track, and those who were working upon it, are subject to the State law and are not governed by the Federal Employers' Liability Act. If the company was drawing interstate freight over the spur for delivery at the mission, and the accident had occurred to an employee engaged therein, a different question might arise, but this case seems to be entirely outside of the question of interstate commerce and is purely a matter of domestic concern and arrangement.

We conclude, therefore, that the Commission had jurisdiction of the claim and that the award should be affirmed.

All concurred, except WOODWARD and COCHRANE, JJ., who dissented.

Award affirmed.